593 P.2d 1390

STATE of Idaho, Plaintiff-Respondent,

v.

Clifford J. TAYLOR,
Defendant-Appellant.

No. 12837.

Supreme Court of Idaho.

May 2, 1979.

Clifford J. Taylor, pro se.

David H. Leroy, Atty. Gen., Lynn E. Thomas, Deputy Atty. Gen., Arthur J. Ber-ry, Asst. Atty. Gen., Boise, for plaintiff-respondent.

Before SHEPARD, C. J., DONALDSON and BISTLINE, JJ., KRAMER and COGSWELL, JJ., Pro Tem.

PER CURIAM:

On June 20, 1977, an information was filed in the District Court in Cassia County charging the appellant and two other men with the commission of grand larceny on May 28, 1977. The public defender, Gleason D. Anderson, was appointed to represent all three men. Appellant appeared before District Judge Sherman J. Bellwood on June 20, 1977, and was read the information. Appellant desired more time to consider his plea, and was given until June 27, 1977. At that time, and after thorough explanation of his constitutional rights, appellant pleaded guilty as charged. Judge Bellwood accepted the plea as being freely and voluntarily made, and ordered a presentence report prepared.

A sentencing hearing was held on August 5, 1977, before District Judge George Granata, Jr. The presentence report was reviewed, and an indeterminate sentence not to exceed ten (10) years was imposed. The appellant, no longer represented by counsel, filed a petition to proceed in forma pauperis on September 12, 1977, and also a motion for reduction of sentence which was denied by Judge Granata on September 16, 1977. Though the appellate record does not contain it, an application for post-conviction relief was filed on September 27, 1977. The Cassia County prosecutor filed an answer and motion for summary disposition of said petition on October 27, 1977, and Judge Granata dismissed the petition on November 8, 1977. Judge Granata's Order of Dismissal contains the following language:

The defendant-appellant contends that (the trial court) refused to recognize Rule 25(c). That appears to be the only ground stated by the defendant for his seeking post-conviction relief.

■ The Notice of Appeal was filed on November 21, 1978, and explicitly states that it is from the "Order herein on November 8, 1977 denying his (appellant's) Post-Conviction Relief." It appears from the record that the only issue raised in the post-conviction proceedings below was the applicability of Rule 25(c) of the Idaho Rules of Criminal Procedure.[1] Since that issue has not been raised on appeal, and because the issues of conflict of interest and ineffectiveness of counsel were not raised below, this appeal would normally be dismissed. *State v. Wright*, 97 Idaho 229, 542 P.2d 63 (1975); *State v. Haggard*, 94 Idaho 249, 486 P.2d 260 (1971). Routine dismissal of appeals raising issues not presented to the trial court is dictated by sound judicial administration, but is not a rule of jurisdictional dimension. If "fundamental error" is involved, this Court may review the case despite failure to raise the issue below. *State v. White*, 97 Idaho 708, 551 P.2d 1344, ftn. 8 (1976).

Here appellant argues he was denied the effective assistance of counsel because of the failure of the trial court to inquire at arraignment about the possibility of conflict of interest prior to taking appellant's guilty plea. Appellant makes a related claim of incompetence of counsel by reason of trial counsel's failure to object to his joint representation of three co-defendants. We do not find it necessary to address those issues even assuming they might otherwise involve "fundamental error,"[2] because the record amply supports the voluntariness of appellant's guilty plea.

■ The cases involving conflict of interest typically arise from joint representation at trial. *See e. g. Holloway v. Arkansas*, 435 U.S. 475, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978); *Glasser v. United States*, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942). In a trial context while a slight conflict may require separate representation, *People v. Chacon*, 69 Cal.2d 765, 73 Cal.Rptr. 10, 447 P.2d 106 (1968), joint representation at the arraignment stage would ordinarily not invalidate a voluntary guilty plea, and certainly not where, as here, the record is completely silent as to the actual existence of a conflict. As we originally stated in *State v. Oldham*, 92 Idaho 124, 438 P.2d 275 (1968), joint representation of multiple defendants is not inherently violative of the constitutional right to counsel. That principle has been recently re-affirmed by the United States Supreme Court in *Holloway v. Arkansas, supra*. Accordingly, no "fundamental error" is presented on this record, and the judgment of the district court is affirmed.

---

1. That rule deals with the consequences of a trial judge's disability during the pendency of a criminal case.

2. Compare *Pulver v. State*, 93 Idaho 687, 471 P.2d 74 (1970) (*overruled* on other grounds in *State v. Tucker*, 97 Idaho 4, 539 P.2d 556 (1975)); and *United States v. Christopher*, 488 F.2d 849 (9th Cir. 1973) with *United States v. Lawriw*, 568 F.2d 98 (8th Cir. 1977).