722 P.2d 1067

Bergen McNEELEY,
Petitioner-Appellant,

v.

STATE of Idaho, Respondent.

STATE of Idaho, Plaintiff-Respondent,

v.

Bergen McNEELEY,
Defendant-Appellant.

Nos. 15950, 16141.

Court of Appeals of Idaho.

June 30, 1986.

Rehearing Denied Aug. 19, 1986.

John C. Lynn (Lynn, Scott & Hackney), Boise, for petitioner-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., A. René Fitzpatrick, Deputy Atty. Gen., for respondent.

WALTERS, Chief Judge.

Bergen McNeeley pled guilty to a charge of robbery and was sentenced to an indeterminate life term in prison. McNeeley subsequently filed a petition for post-conviction relief challenging the validity of his

conviction. Following a hearing on the petition, District Judge Durtschi upheld McNeeley's conviction, but ordered a new sentencing because, at the original sentencing, there had been a conflict of interest involving McNeeley's attorney. The resentencing occurred before District Judge Bail, who was not the judge who had imposed the original life sentence. Upon resentencing, Judge Bail also imposed an indeterminate life sentence. In this consolidated appeal, McNeeley challenges both the district court decision upholding his conviction and the imposition of the subsequent indeterminate life sentence. He raises these issues: (1) whether his guilty plea was voluntarily given because he was allegedly denied effective assistance of counsel; and (2) whether the life sentence imposed at the resentencing was an abuse of discretion. We affirm both the decision upholding the conviction and the judgment imposing the life sentence.

The following sequence of events gave rise to this appeal. McNeeley and two co-defendants, Hirsbrunner and Jarvis, were charged with robbery of the occupants of a private residence in Boise, Idaho. The three defendants were appointed the services of the public defender's office, and a single attorney was subsequently assigned to represent the three. At arraignment all three defendants pled not guilty and a trial date was set. Prior to trial, McNeeley and co-defendant Hirsbrunner changed their pleas to guilty to robbery pursuant to a plea bargain agreement with the prosecuting attorney. Under the agreement, Jarvis, who was McNeeley's common-law wife, pled guilty to a misdemeanor charge of theft by possession. McNeeley received an indeterminate life sentence for the robbery.

McNeeley subsequently filed a petition for post-conviction relief. challenging the validity of his conviction. The underlying basis for the challenge was that McNeeley had allegedly been denied effective assistance of counsel because the same attorney had represented all three defendants. McNeeley urged that the co-representation by a single attorney posed such a conflict of interest that he had not received constitutionally effective assistance of counsel. The district court concluded that there was a potential conflict of interest in the attorney's representation of both McNeeley and Jarvis at the arraignment proceedings. However, the court also concluded that the potential conflict had not ripened into an actual conflict, nor had the attorney's performance been adversely affected. The district court did decide that there was an actual conflict of interest at the sentencing stage of the proceedings that had adversely affected the attorney's performance. Therefore, Judge Durtschi vacated the original sentence and ordered that McNeeley be given another sentencing hearing. As noted, at the second sentencing Judge Bail imposed an indeterminate life sentence on McNeeley for the robbery. McNeeley now challenges the validity of the conviction as well as the second sentence.

■ McNeeley urges on appeal that, under *State v. Roles*, 100 Idaho 717, 604 P.2d 731 (1979), the presence of a possible conflict of interest is all that is required to establish constitutionally defective representation under the sixth amendment. We reject McNeeley's interpretation of *Roles*. We acknowledge that the *Roles* opinion says there must "at least [be] a possible conflict of interest" in order to establish the "basis" of a sixth amendment claim. *Id.* at 719, 604 P.2d at 733. But the opinion as a whole makes it clear that more than the mere fact of joint representation must be shown. The proper standard applicable to a sixth amendment ineffectiveness of counsel claim, under both the federal and Idaho Constitutions, is that a defendant must show that an actual conflict of interest adversely affected the attorney's performance. *Cuyler v. Sullivan*, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980); *In Interest of Kinley*, 108 Idaho 862, 702 P.2d 900 (Ct.App.1985). We hold that District Judge Durtschi did apply the correct standard to McNeeley's claims.

McNeeley argues that his guilty plea was not voluntary because he was forced to plead guilty so that his wife could plead guilty to a reduced charge. McNeeley also argues that the joint representation affected the arraignment process in that the attorney could not obtain "as good a deal" for McNeeley due to the multiple representation. The two arguments are closely related. The Idaho Supreme Court has held that joint representation at the arraignment stage will not ordinarily invalidate a voluntary guilty plea. *State v. Taylor*, 100 Idaho 105, 593 P.2d 1390 (1979).

The record clearly establishes that McNeeley's plea was voluntary, and McNeeley's arguments to the contrary fail to convince us otherwise. At the time McNeeley pleaded guilty, the court thoroughly questioned him about the voluntariness of his plea. The defendant stated that he had been fully advised of his rights concerning the consequences of his plea, that he understood the maximum sentence for his crime, and that the court was not bound by any agreements as to punishment or probation. The defendant also acknowledged that he was satisfied with his attorney's representation and understood that he would be giving up his right to trial by jury, the right to confront his accusers in court, and any defenses to the crime. The record also establishes that McNeeley had indicated his desire to change his plea to guilty prior to his attorney's discussion of a plea bargain agreement with the prosecutor.

▮ Even if McNeeley's plea had been influenced by the possibility that his wife would be permitted to plead to a lesser crime, that fact would not necessarily invalidate the voluntariness of his plea. The record shows that McNeeley was concerned about what would happen to his child if both parents were imprisoned. One of the concessions McNeeley would have received in return for his plea was the fact that his wife would probably be able to care for the child. That would simply be one factor in

why McNeeley would be willing to plead guilty; it would not establish that the plea was involuntary. McNeeley argues that if he had been separately represented at the sentencing stage, his attorney could have obtained concessions by highlighting McNeeley's lesser culpability. The record before us contradicts this assertion. The case against McNeeley was overwhelming. Other than the avoidance of trial, McNeeley had no concessions to offer the prosecution. McNeeley's arguments about what separate counsel could have done represent nothing more than pure speculation. In short, McNeeley's assertion that his counsel was ineffective is not supported by the record. McNeeley's contention, while couched in the context of the voluntariness of his plea, essentially is that joint representation is *per se* violative of the sixth amendment right to counsel. That is not the law and we decline to so hold. *State v. Taylor, supra; Roles v. State, supra; Daugherty v. State*, 102 Idaho 782, 640 P.2d 1183 (Ct.App.1982).

Judge Durtschi did find an actual conflict of interest at the sentencing stage because the attorney was faced with the dilemma of arguing relative degrees of culpability among three defendants. Any argument lessening the culpability of one defendant would necessarily reflect on the culpability of the others. Thus, the district judge ordered that McNeeley receive a new sentencing. McNeeley now urges that the subsequent indeterminate life sentence was an abuse of discretion—considering his alcohol problems, his subordinate role in the robbery, and his lack of any previous charges or convictions for any crimes of violence. He also urges that his sentence was too harsh relative to the sentences imposed on his co-defendants.

Our standards of sentence review are well-known. Absent a clear abuse of discretion, a sentence within the statutory maximum will not be disturbed. An indeterminate life sentence is within the maximum penalty for robbery. I.C. § 18–6503.

An abuse of discretion may be shown where the sentence is unreasonable in light of the facts of the case. *State v. Nice*, 103 Idaho 89, 645 P.2d 323 (1982). Reasonableness was explained in *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App. 1982):

[A] sentence of confinement is reasonable to the extent it appears necessary, at the time of sentencing, to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case. A sentence of confinement longer than necessary for these purposes is unreasonable.

Such determinations cannot be made with precision. In deference to the discretionary authority vested in Idaho's trial courts, we will not substitute our view for that of a sentencing judge where reasonable minds might differ. An appellant must show that, under any reasonable view of the facts, his sentence was excessive in light of the foregoing criteria.

For the purpose of appellate review, the duration of confinement under an indeterminate life sentence is deemed to be ten years. *State v. Wilde*, 104 Idaho 461, 660 P.2d 73 (Ct.App.1983).

When evaluating an exercise of sentencing discretion, we conduct an independent review of the record. We focus upon the nature of the offense and upon the character of the offender. *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct. App.1982).

As to the facts of the robbery, McNeeley and co-defendant Hirsbrunner broke into a private home in Boise and robbed two occupants at gunpoint. Co-defendant Jarvis, meanwhile, remained outside in the defendants' car. Hirsbrunner apparently carried the gun and McNeeley tied the victims' hands. Although no one was injured, Hirsbrunner threatened to kill one victim and to rape the other. When McNeeley and Hirsbrunner left the residence the victims were able to free themselves and observed the defendants' car as it was driven away. The victims contacted the police, and the three defendants were arrested soon after the robbery.

McNeeley was forty-six years old at the time of the crime. His presentence report indicates a long history of criminal activity over the preceding thirty years. McNeeley had been incarcerated in various institutions beginning when he was nineteen years old and had a prior record of at least eight felonies. At the time of the robbery, McNeeley was an escapee from a penal facility in Utah. The report also indicated a long history of alcohol abuse that had played a significant role in McNeeley's problems with the law. The report indicated that McNeeley had failed to respond to prior efforts at rehabilitation. The presentence investigator recommended incarceration as the only appropriate alternative since McNeeley was a "marked menace to the safety of the public." At sentencing, Judge Bail indicated that she recognized McNeeley's alcohol problems, but considering McNeeley's record, found there was no reason to believe that McNeeley would remain crime free if not in prison. Judge Bail noted that she was particularly concerned because McNeeley's criminal career had escalated from nonviolent crimes to armed robbery. The judge agreed with the presentence investigator that there appeared to be no other real options as far as sentencing was concerned.

Although Judge Bail did not comment on the sentences imposed on McNeeley's co-defendants, we simply note that the question of divergent sentences for co-defendants falls under the same abuse of discretion standard as do other sentencing issues. *Davidson v. State*, 92 Idaho 104, 437 P.2d 620 (1968). Judge Bail was obviously influenced by McNeeley's long criminal record and thus imposed a sentence commensurate with that history. The tran-

script of the sentencing hearing indicates that the judge heard extensive testimony and was quite aware of McNeeley's part in the robbery. Although McNeeley did not brandish the weapon during the robbery, the record clearly indicates his active participation in the crime. McNeeley has failed to show that the sentence imposed on him, viewed alone or compared with that of his co-defendants, represented an abuse of discretion.

The decision denying McNeeley's petition for post-conviction relief, and the judgment imposing the life sentence are affirmed.

BURNETT and SWANSTROM, JJ., concur.