777 P.2d 1244

**STATE of Idaho, Plaintiff–Respondent,**

v.

**David KOCH, Defendant–Appellant.**

**No. 17329.**

Court of Appeals of Idaho.

Aug. 2, 1989.

Scott E. Axline, Blackfoot, for defendant-appellant.

Jim Jones, Atty. Gen. by Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

BURNETT, Judge.

Upon a guilty plea, David Koch stands convicted of second degree burglary. The district judge imposed a five-year sentence with a two-year minimum period of confinement. In this appeal, Koch asserts (1) that he was denied effective assistance of counsel, and (2) that his sentence is excessive. We affirm the judgment.

The essential facts may be recited briefly. Koch and a co-defendant were arrested

for allegedly stealing tools from a garage in Aberdeen, Idaho. Both were charged with two counts of grand theft and, upon findings of indigency, were furnished court-appointed counsel. Attorney Albert Matsuura appeared for Koch at the arraignment, where Koch entered a plea of not guilty. Matsuura further represented Koch at a pretrial conference, where the judge was informed of pending plea negotiations. It appears that Matsuura also was representing Koch's co-defendant at this time. A hearing on Koch's change of plea was held shortly thereafter. Attorney Jeff Ward represented Koch at this hearing, where Koch entered a plea of guilty to a single charge of second degree burglary. The grand theft charges evidently were dropped. After questioning Koch, the district judge accepted the bargained plea, ordered a presentence investigation, and scheduled the case for sentencing. Matsuura again appeared for Koch at the sentencing hearing. After the judgment was entered, Matsuura withdrew as counsel at Koch's request. A third court-appointed attorney, David Parmenter, filed a notice of appeal on Koch's behalf. Subsequently, Parmenter withdrew due to a conflict, and a fourth attorney, Scott Axline, was appointed for this appeal.

I

■ We first address Koch's assertion that he received ineffective assistance of counsel. At the outset, we note that he has elected to raise this issue by direct appeal rather than by seeking post-conviction relief. A claim of ineffective assistance is difficult to evaluate on direct appeal if the adequacy of counsel has not been placed directly at issue below. Accordingly, our Supreme Court has suggested that a petition for post-conviction relief is the better method of presenting such a claim. *See State v. Tucker,* 97 Idaho 4, 539 P.2d 556 (1975). We have expressed a similar view. *See, e.g., State v. Scroggie,* 110 Idaho 103, 107, 714 P.2d 72, 76 (Ct.App.1986) (review denied); *State v. Rendon,* 107 Ida-

ho 425, 426, 690 P.2d 360, 361 (Ct.App. 1984). Today, we are constrained to address the issue as presented, but we repeat the admonition that ineffective assistance of counsel is not a subject ordinarily well suited to a direct appeal.

Koch argues that he was denied effective assistance of counsel (a) because he was "shuffled" among multiple attorneys, and (b) because one of the attorneys, Matsuura, represented multiple defendants. Underlying both arguments are the Sixth Amendment of the United States Constitution and Article 1, § 13, of the Idaho Constitution, which guarantee the right to effective assistance of counsel in criminal proceedings.

A

■ We first consider the multiple attorney issue. Unlike the multiple defendant issue discussed below, a single defendant's representation by multiple attorneys does not generate any concern about conflicts of interest. The multiple attorney issue is subject to the ordinary two-part test articulated by the United States Supreme Court for determining whether the right to effective assistance of counsel has been abridged: (1) whether counsel's performance fell below an objective standard of reasonableness, and (2) whether the defense was prejudiced by the deficient performance. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). The Idaho Supreme Court has interpreted these requirements to mean that the defendant "must show *actual unreasonable representation and actual prejudice." Estes v. State,* 111 Idaho 430, 434, 725 P.2d 135, 139 (1986) (emphasis original).

■ In this case Koch suggests that his representation by Matsuura at the arraignment, and by Ward when he entered his guilty plea, could have prejudiced his defense. However, he makes no showing that the performance of Matsuura or Ward actually was deficient. Rather, he invites us to adopt a rule of presumptive prejudice

whenever a criminal defendant is represented by more than one attorney. Such a rule would contravene the general requirement of actual prejudice under *Strickland* and *Estes*. We decline to adopt it.

### B

The multiple defendant issue requires more elaborate discussion. Matsuura represented both Koch and a co-defendant. Under the Sixth Amendment, an accused has the right to representation free from conflicts of interest. *Wood v. Georgia*, 450 U.S. 261, 271, 101 S.Ct. 1097, 1103, 67 L.Ed.2d 220 (1981). Joint representation is not a *per se* violation of this right. *Holloway v. Arkansas*, 435 U.S. 475, 482, 98 S.Ct. 1173, 1177, 55 L.Ed.2d 426 (1978); *Roles v. State*, 100 Idaho 717, 719, 604 P.2d 731, 733 (1979). However, the courts have recognized that "a *possible* conflict [of interest] inheres in almost every instance of multiple representation." *Cuyler v. Sullivan*, 446 U.S. 335, 348, 100 S.Ct. 1708, 1718, 64 L.Ed.2d 333 (1980) (emphasis added).

Consequently, a conflict of interest arising from an attorney's representation of multiple defendants has been expressly excepted from the requirement that actual prejudice be shown. *See Strickland*, 466 U.S. at 686, 688, 104 S.Ct. at 2064. This exception reflects the Supreme Court's holding in *Cuyler*, that prejudice is presumed when defense counsel is burdened by an actual conflict of interest. However the narrowness of this exception must be emphasized. A presumption of prejudice is triggered only by an actual conflict of interest. The conflict itself must be shown; it will not be presumed. As stated in *Cuyler*, prejudice is presumed only if the defendant demonstrates that counsel "actively represented conflicting interests" and "that an actual conflict of interest adversely affected his lawyer's performance." 446 U.S. at 346, 348, 100 S.Ct. at 1717, 1718. Thus, there is not a double presumption of

conflict and prejudice in a multiple representation case. *McNeeley v. State*, 111 Idaho 200, 722 P.2d 1067 (Ct.App.1986).

When neither the defendant nor his lawyer objects to concurrent representation of a co-defendant, the trial court generally is entitled to assume that no conflict exists or that the defendant knowingly has accepted such a risk. *Cuyler*, 446 U.S. at 346–47, 100 S.Ct. at 1717. Of course, if special circumstances exist—such as an objection to multiple representation or an awareness by the court of facts reasonably suggesting a conflict—the court has a duty to inquire and to take appropriate remedial action. *Id.* at 347, 100 S.Ct. at 1717; *Holloway v. Arkansas, supra.* It also may be prudent for a trial court to warn each defendant of the risks of multiple representation, *see Roles v. State*, 100 Idaho at 720, 604 P.2d at 734 (Bistline, J., dissenting), but there is no constitutional requirement that the court give such a warning *sua sponte*. *Cuyler*, 446 U.S. at 347, 100 S.Ct. at 1717.

Here, so far as the record discloses, neither Koch nor any of his attorneys in the district court voiced an objection or reservation to Matsuura's representation of the co-defendant. Neither does the record reveal facts suggesting that Matsuura was hindered in his representation of Koch by an actual conflict of interest. For the first time on appeal, Koch has argued that he might have had possible defenses which were ignored. However, he has not identified such defenses with particularity, nor has he otherwise shown any deficiency in counsel's performance. In the absence of an actual conflict of interest, we conclude that joint representation of Koch and the co-defendant by Matsuura did not violate Koch's right to effective assistance of counsel.

### II

We now turn to the sentencing issue. Koch asserts that his five-year sentence, with a two-year minimum period of confinement, is an unduly harsh penalty

for second degree burglary. He could have received a five-year sentence to be served entirely in confinement. *See* I.C. § 18–1403. When a sentence is within the statutory limit, we will not reverse it unless an abuse of discretion is shown. A sentence may represent such an abuse if it is demonstrated to be unreasonable upon the facts of the case. *State v. Adams*, 106 Idaho 309, 678 P.2d 101 (Ct.App.1984).

When determining the reasonableness of a sentence, we consider the probable duration of the confinement and the reasonableness of such confinement. *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct.App. 1982). We recently stated that if the sentence has been imposed under the Unified Sentencing Act, the minimum period prescribed by the judge generally will be treated as the probable measure of confinement for the purpose of sentence review. *State v. Sanchez*, 115 Idaho 776, 777, 769 P.2d 1148, 1149 (Ct.App.1989). In evaluating the reasonableness of such confinement, we will apply the substantive criteria set out in *Toohill*, 103 Idaho at 568, 650 P.2d at 710. The criteria of retribution and deterrence bear directly on the minimum period of confinement, which is the judicially determined "price" of the crime. The minimum period also carries implications for rehabilitation and the protection of society because it "establishes a prospective time frame for institutional correction programs and for evaluation of the prisoner's eventual suitability for parole...." *Sanchez*, 115 Idaho at 777–78, 769 P.2d at 1149–50.

We consider these criteria in relation to the nature of the offense and the character of the offender. *State v. Amerson*, 113 Idaho 183, 185, 742 P.2d 438, 440 (Ct.App. 1987) (review denied). The district judge imposed a sentence requiring at least two years in prison because he was concerned about Koch's prior record and his disruptive behavior in jail. The record included grand theft, burglary and numerous misdemeanors. The court did not retain jurisdiction for 120 days, as Koch had requested, because Koch had been granted a "120–day rider" on his previous burglary sentence. The judge stated that at least two years of imprisonment were appropriate to protect society, to achieve deterrence and to provide time for Koch's possible rehabilitation. The judge's comments contain sound reasons for his sentencing decision. We conclude there was no abuse of discretion.

The judgment of conviction is affirmed.

WALTERS, C.J., and BENGTSON, J. Pro Tem., concur.