792 P.2d 968

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Jorge Gallegos LOPEZ,
Defendant–Appellant.**

**No. 18316.**

Court of Appeals of Idaho.

June 4, 1990.

Gara Louise Newman, Rupert, for defendant-appellant.

Jim Jones, Atty. Gen., James E. Leuenberger, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

This is an appeal from a judgment of conviction entered upon a plea of guilty by Jorge Gallegos Lopez to a charge of conspiracy to deliver a controlled substance (cocaine). I.C. § 37–2732(f). Lopez contends that his unified sentence of ten years, with a minimum period of incarceration of four years, was an abuse of the district court's sentencing discretion. For the reasons stated below, we affirm.

Conspiracy to deliver a controlled substance is a felony carrying a maximum penalty of life imprisonment. I.C. § 37–2707, § 37–2732. Where a sentence is within the statutory limits, it will not be disturbed on appeal absent a showing of abuse of discretion. *State v. Hedger*, 115 Idaho 598, 768 P.2d 1331 (1989). A sentence may represent such an abuse if it is demonstrated to be unreasonable under the facts of the case. *State v. Nice*, 103 Idaho 89, 645 P.2d 323 (1982); *State v. Koch*, 116 Idaho 571, 777 P.2d 1244 (Ct.App.1989).

In determining the reasonableness of the sentence we look to the probable length of confinement. *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct.App. 1982). In Lopez's case, this means four years, the minimum period of confinement imposed by the sentencing judge under the Unified Sentencing Act. I.C. § 19–2513; *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct.App.1989). When considering whether a period of confinement is reasonable, we employ the substantive sentencing criteria set out in *Toohill* and *Sanchez:* the protection of society, retribution, deterrence and rehabilitation. Under *Toohill*, a sentence longer than necessary to achieve these sentencing goals constitutes an abuse of discretion. We examine a sentence in a given case, having regard for the nature of the offense and the character of the offender. *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct.App.1982).

Lopez—a citizen of Mexico—was arrested on February 23, 1989, in connection with the delivery of eleven ounces of cocaine by his two co-conspirators to an undercover police officer at the Budget Motel in North Burley, Idaho. The three individuals had traveled from Phoenix, Arizona to Idaho. Lopez remained in a car outside of the motel during the transaction, carrying a gun and acting as "protector," while the other two delivered the cocaine to the undercover officer.

Lopez's criminal history includes a conviction in Arizona in 1988 on a misdemeanor charge of possession of a narcotic, for which he received a six-month jail sentence. Prior to completing that jail term he was deported to Mexico. He returned to the United States about one month after being deported.

In articulating its basis for Lopez's sentence, the district court emphasized Lopez's prior drug-related conviction and, to a lesser extent, the fact that Lopez had re-entered the United States illegally shortly after being released from confinement and then committed another drug-related of-

fense. The court's comments also underscored the enhanced dangerousness of the offense where a firearm is involved. The court further concluded that society was in need of protection from Lopez.

We find under the circumstances that the imposed sentence was reasonable. Applying the *Toohill* and *Sanchez* criteria, we conclude that the district court did not abuse its sentencing discretion. The judgment of conviction, including the sentence imposed by the district court, is affirmed.