877 P.2d 365

Robert Louis GILES, Petitioner–
Appellant,

v.

STATE of Idaho, the Director, Idaho
Department of Corrections,
Respondent.

Laura Lee WRIGHT, Petitioner–
Appellant,

v.

STATE of Idaho, the Director, Idaho
Department of Corrections,
Respondent.

No. 20036.

Supreme Court of Idaho,
Boise, December 1993 Term.

May 20, 1994.

Rehearing Denied Aug. 9, 1994.

Rolf M. Kehne, Boise (argued), for appellant Wright.

Ellison M. Matthews, Boise (argued), for appellant Giles.

Larry EchoHawk, Atty. Gen., and Michael A. Henderson, Deputy Atty. Gen., Boise (argued), for respondent.

BISTLINE, Justice.

## BACKGROUND AND PROCEEDINGS BELOW

Laura Lee Wright and Robert Giles were accused of two counts of lewd conduct with a minor under sixteen. After a trial, Giles and Wright were both convicted by a jury and sentenced to twenty years for each count. The minors upon whom the offenses were committed were aged five and a half and two and a half at the time of the crimes. Laura Wright is the mother of both children; Robert Giles is the father of the younger child.

Following their conviction, Giles and Wright each filed separate appeals, seeking reversal of their conviction on Count II, concerning the younger daughter. They did not present identical arguments, and while Giles' conviction was affirmed, 115 Idaho 984, 772 P.2d 191, this Court reversed Wright's conviction because of the admission at trial of testimony by the State's expert witness concerning hearsay statements made to him by the younger child, which we found to be a violation of Wright's Confrontation Clause rights. *State v. Wright,* 116 Idaho 382, 775 P.2d 1224 (1989). The United States Supreme Court, on certiorari review, overruled a portion of this Court's Confrontation Clause analysis but affirmed that the violation had occurred. *Idaho v. Wright,* 497 U.S. 805, 818, 110 S.Ct. 3139, 3148, 111 L.Ed.2d 638, 654 (1990). Based on our holding in *State v. Wright,* the district court also set aside and vacated Giles' conviction on Count II.

Thereafter Giles and Wright petitioned the court for post-conviction relief on Count I, involving the older child, arguing that they had received ineffective assistance of counsel and that the district court's admission of the hearsay testimony concerning the younger child also tainted the conviction based on offenses upon the older child. The district court dismissed their petitions, finding that the evidence presented did not establish an actual conflict of interest in that one attorney represented both Giles and Wright. The district court also found that counsel representing Giles and Wright, although unsuccessful, was a competent practitioner and pursued a rational trial strategy. The court further held that the admission of the hearsay evidence did not taint Giles' and Wright's convictions as to Count I. Giles and Wright now appeal to this Court.

Thus, in the appeal we are asked to decide whether the district court correctly ruled on two issues:

I. Whether Giles and Wright were provided ineffective assistance of counsel; and

II. Whether the hearsay evidence identified in *State v. Wright* tainted the petitioners' conviction with regard to Count I.

## I. INEFFECTIVE ASSISTANCE OF COUNSEL

### A. Joint Representation

■ Giles and Wright urge us to adopt a rule that joint representation of defendants constitutes *per se* ineffective assistance of counsel. We decline to do so. As the Court of Appeals has discussed at length in *State v. Koch,* 116 Idaho 571, 777 P.2d 1244 (Ct.App. 1989), joint representation of defendants does *not* constitute ineffective assistance of counsel unless *actual* conflict of interest is demonstrated. Actual conflict of interest might be shown, for example, if the defendant identifies with particularity alternative defenses or additional important evidence that should have been presented by counsel. *See Koch,* 116 Idaho at 574, 777 P.2d at 1247; *see also State v. Hickman,* 119 Idaho 366, 806 P.2d 959 (Ct.App.1991). No such showing is made here. To the contrary, neither Giles nor Wright wished to testify against the other or jeopardize each other in any way. Both defendants consistently maintained that they had not committed the acts charged, and there was no evidence produced to show that they would have changed their defense strategies if they had had separate attorneys. Thus, Giles and Wright make no showing of an actual conflict of interest in the joint representation.

## B. The Plea Bargain Offer

 Giles and Wright argue that the offer of a plea bargain to Laura Wright placed her interests in conflict with those of Giles, and that she should have been represented by separate counsel from that point forward. The facts show that Wright was advised that if she wished to consider plea bargain negotiations, she should contact another attorney. When Wright refused the offer, she was questioned in detail by Judge Schroeder as to her understanding of the plea bargain and her rights, including her right to be represented by independent counsel. She stated very clearly that she did not intend to accept the plea bargain agreement, simply because she did not feel she had done anything wrong, and the plea bargain would have required her to admit her complicity in the offending charge. Understanding that she could have had separate legal counsel, she voluntarily chose not to. The district court therefore concluded, correctly, that the defendants wanted a unified defense and that Wright was waiving any objections as to proceeding otherwise.

In light of the above detailed course of events, we hold that the plea bargain offer did not, as Giles and Wright assert, create an actual conflict of interest. If it had, Wright explicitly waived any claim of ineffective assistance of counsel on allowing herself to be questioned by the district court.

## C. The Trial Strategy

 Giles and Wright assert that counsel's failure to challenge the State's medical evidence was not a strategic decision; rather, it was due to lack of preparation. They challenge also counsel's strategic choices in calling witnesses and in presenting medical evidence. Finally, they argue that counsel's strategy of conceding that sexual abuse had occurred while attempting to cast doubt as to who were the perpetrators, was doomed to failure and therefore was not a reasonable course of action. Petitioners seem to be complaining that because their counsel was unsuccessful in obtaining an acquittal, ergo, he was incompetent and ineffective. We decline to take this view of the Sixth Amendment's guarantee of effective assistance of counsel and we require substantive proof rather than mere dissatisfaction with the outcome of one's trial.

The standard for evaluating a claim of ineffective assistance of counsel was set forth by the United States Supreme Court in *Cuyler v. Sullivan,* 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980), and in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Idaho has explicitly adopted this standard. *McNeeley v. State,* 111 Idaho 200, 202, 722 P.2d 1067, 1069 (Ct.App.1986). The standard established in those cases is that counsel's performance must have been so incompetent that the trial can not be relied upon as having produced a just result. It is for the accused to show that counsel made serious errors and that the errors resulted in actual prejudice. *Strickland,* 466 U.S. at 686, 104 S.Ct. at 2064, 80 L.Ed.2d at 692.

 Giles and Wright present no convincing evidence that their counsel was incompetent or ineffective, or that either of them might not have been convicted were it not for his mistakes. There is ample evidence in the record which demonstrates counsel's familiarity with the evidence and his extensive pre-trial preparation. The petitioners' counsel clearly had a rational trial strategy and his tactical decisions will not be second-guessed on review. *State v. Roles,* 122 Idaho 138, 145, 832 P.2d 311, 318 (Ct.App.1992) (quoting *Davis v. State,* 116 Idaho 401, 406, 775 P.2d 1243, 1248 (Ct.App.1989)). In our view, counsel's choice of witnesses, manner of cross-examination, and lack of objection to testimony fall within the area of tactical, or strategic, decisions, as does counsel's presentation of medical evidence. *See State v. Chapman,* 120 Idaho 466, 469, 816 P.2d 1023, 1026 (Ct.App.1991).

[8–10] Without evidence of unfairness to Giles and Wright, we refuse to hold that the trial did not produce a just result. Neither are we persuaded that counsel made "serious errors" which prejudiced the outcome. Unless prejudice is presumed, the accused bears the burden of demonstrating prejudice to the outcome. Prejudice is presumed only when a defendant is denied counsel or when counsel

represents conflicting interests. *State v. Charboneau*, 116 Idaho 129, 137, 774 P.2d 299, 307 (1989), *cert. denied*, 493 U.S. 922, 110 S.Ct. 287, 107 L.Ed.2d 267 (1989), and 493 U.S. 923, 110 S.Ct. 290, 107 L.Ed.2d 270 (1989), *overruled on other grounds by State v. Card*, 121 Idaho 425, 825 P.2d 1081 (1991). As discussed above, Giles and Wright have failed to show any actual conflict of interest in counsel's representation; accordingly, they are not entitled to a presumption of prejudice. We therefore hold that Giles and Wright have not met their burden of showing that counsel was incompetent or that their trial did not produce a just result.

## II. TAINT ON CONVICTION FOR COUNT I

Giles and Wright next argue that the admission of the younger child's statements to Dr. Jambura, which was held to violate the Confrontation Clause in *State v. Wright*, 116 Idaho 382, 775 P.2d 1224, was prejudicial as to Count I as well as Count II when these statements are considered in context and in conjunction with all of the other errors made by counsel. Giles and Wright, without explicitly saying so, appear to be relying on the cumulative error doctrine. Petitioners assert that the strongest evidence for convicting Giles and Wright on Count I, abuse of the older child, was that her statements relative to the abusive treatment inflicted by her parents were corroborated by Dr. Jambura's hearsay testimony about the younger child's statements.

After reviewing the record we conclude that this issue, Issue II, is before this Court only as to Giles because there is no discussion of it as to Wright by the district court. After the hearing at which the district court heard evidence presented only as to Giles on this issue, Wright requested leave to join in Giles' Motion for Summary Judgment and the district court granted her request. As a result, we find that we cannot review this issue as to Wright on appeal since she is not mentioned in the district court's order denying summary judgment. This portion of the opinion therefore pertains only to Giles. We dismiss Issue II as to Wright.

In its unpublished opinion, the district court very lucidly explained why the admission of the tainted hearsay evidence attributed to the younger child constituted harmless error with respect to Giles' conviction on Count I, involving the older child. Harmless error is defined in Rule 52 of the Idaho Criminal Rules:

> Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded.

The harmless error doctrine has been further defined by this Court:

> To hold an error as harmless, an appellate court must declare a belief, beyond a reasonable doubt, that there was no reasonable possibility that such evidence complained of contributed to the conviction.

*State v. Sharp*, 101 Idaho 498, 507, 616 P.2d 1034, 1043 (1980) (*citing Chapman v. California*, 386 U.S. 18, 24, 87 S.Ct. 824, 827, 17 L.Ed.2d 705 (1967)). The test for harmless error, as the district court stated, is whether a reviewing court can find beyond a reasonable doubt that the jury would have reached the same result without the admission of the challenged evidence.

As the district court points out, the United States Supreme Court has indicated several factors to be considered in determining whether a denial of Confrontation Clause rights constitutes harmless error: the importance of the witness's testimony in the prosecution's case, whether the testimony was cumulative, the presence or absence of evidence corroborating or contradicting the witness's testimony, the extent of cross-examination permitted, and the overall strength of the prosecution's case. *Delaware v. Van Arsdall*, 475 U.S. 673, 684, 106 S.Ct. 1431, 1438, 89 L.Ed.2d 674, 686–87 (1986). The Supreme Court also stated:

> [A]n otherwise valid conviction should not be set aside if the reviewing court may confidently say, on the whole record, that the constitutional error was harmless beyond a reasonable doubt.

*Id.,* 475 U.S. at 681, 106 S.Ct. at 1436, 89 L.Ed.2d at 684.

The district court found, and we fully agree, that the remaining evidence admitted at trial was "overwhelming proof" of Giles' guilt and sufficient beyond a reasonable doubt to convict him on Count I involving the older child. It appears to us beyond a reasonable doubt that, absent the hearsay testimony of Dr. Jambura, the result of the trial would have been the same. The record includes testimony by the older child which clearly implicates both defendants, physical evidence of abuse testified to by two other doctors, the psychological corroboration by two counselors of behavior consistent with sexual abuse, and police interviews with the older child. Given the extent of the corroborative evidence indicating Giles' guilt, we hold that the admission of Dr. Jambura's testimony about the younger child's statements was harmless error as to Count I.

## CONCLUSION

For the reasons set forth above, we hold that the district court correctly decided the two issues presented to this Court on appeal. We therefore affirm the denial of Giles' petition for post-conviction relief. We affirm the denial of Wright's petition as to Issue I and we dismiss as to Issue II.

McDEVITT, C.J., and JOHNSON, TROUT and SILAK, JJ., concur. .