IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 40300

| TROY LANE EVANS, | ) | 2014 Unpublished Opinion No. 411 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: March 11, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Lynn G. Norton, District Judge.

Judgment dismissing action for post-conviction relief, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Nicole L. Schafer, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Judge

Troy Lane Evans appeals from the judgment dismissing his petition for post-conviction relief. He asserts the post-conviction court erred when it summarily dismissed a claim that Evans's attorney provided ineffective assistance by failing to adequately investigate the factual bases of his criminal charges as well as a claim that his attorney had an actual conflict of interest when she simultaneously represented both Evans and his wife. We find no error.

## I.

## BACKGROUND

Evans was charged in a seven-count indictment with three counts of sexual battery of a minor child aged sixteen or seventeen, two counts of indecent exposure, and one count each of possession of sexually exploitative material and sexual abuse of a minor under sixteen years of age. Counts I, II, and IV concerned C.S., who was Evans's stepdaughter. Counts VI and VII

involved Evans's daughter. Count III involved a third minor child. In a separate action, Evans's wife was charged with intimidating a witness in a criminal proceeding, I.C. § 18-2604, a felony.

Evans and his wife were represented by a single attorney. Pursuant to a plea agreement, Evans pleaded guilty to Count VII, and the other charges were dismissed. As part of that plea agreement, the State was permitted to argue the allegations of the dismissed counts as aggravating factors, and Evans was permitted to challenge the facts as asserted by the State. A judgment of conviction was entered on Evans's guilty plea.

Evans subsequently filed this post-conviction action in which he raised five claims of ineffective assistance of counsel. Of these, only two are pursued on appeal. Evans claims his defense attorney was ineffective because she failed to investigate certain discrepancies between C.S.'s first statements to police as recorded in police reports and her testimony to the grand jury which, he asserts, could have led to a defense to the charges involving C.S. Evans also contends that his attorney's simultaneous representation of Evans and his wife created an actual conflict of interest that affected the representation.

The State and Evans filed cross-motions for summary disposition. The trial court granted the State's motion for summary dismissal and denied Evans's motion for summary disposition. Evans appeals.

## II.

## ANALYSIS

### A.    Standard of Review

A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Murray v. State*, 121 Idaho 918, 924-25, 828 P.2d 1323, 1329-30 (Ct. App. 1992). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct. App. 1995). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). Where, as here, the petitioner was convicted upon a guilty plea, to satisfy the prejudice element, the claimant must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pled guilty and would have insisted on going to trial. *Plant v. State*, 143 Idaho

2

758, 762, 152 P.3d 629, 633 (Ct. App. 2006). This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Howard v. State*, 126 Idaho 231, 233, 880 P.2d 261, 263 (Ct. App. 1994).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if "it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." I.C. § 19-4906(c). When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *State v. Payne*, 146 Idaho 548, 561, 199 P.3d 123, 136 (2008); *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994). Moreover, because the district court rather than a jury will be the trier of fact in the event of an evidentiary hearing, the district court is not constrained to draw inferences in the petitioner's favor, but is free to arrive at the most probable inferences to be drawn from the evidence. *State v. Yakovac*, 145 Idaho 437, 444, 180 P.3d 476, 483 (2008); *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011); *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Chavez v. Barrus*, 146 Idaho 212, 218, 192 P.3d 1036, 1042 (2008); *Hayes*, 146 Idaho at 355, 195 P.2d at 714; *Farnsworth v. Dairymen's Creamery Ass'n*, 125 Idaho 866, 868, 876 P.2d 148, 150 (Ct. App. 1994).

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *McKay v. State*, 148 Idaho 567, 570, 225 P.3d 700, 703 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009); *Charboneau v. State*, 144 Idaho 900, 903, 174 P.3d 870, 873 (2007); *Berg v. State*, 131 Idaho 517, 518, 960 P.2d 738, 739 (1998); *Murphy v. State*, 143 Idaho 139, 145, 139 P.3d 741, 747 (Ct. App. 2006); *Cootz v. State*, 129 Idaho 360, 368, 924

3

P.2d 622, 630 (Ct. App. 1996). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Berg*, 131 Idaho at 519, 960 P.2d at 740; *Stuart v. State*, 118 Idaho 932, 934, 801 P.2d 1283, 1285 (1990); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008); *Roman*, 125 Idaho at 647, 873 P.2d at 901. If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Kelly*, 149 Idaho at 521, 236 P.3d at 1281; *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts that, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Berg*, 131 Idaho at 519, 960 P.2d at 740; *Sheahan*, 146 Idaho at 104, 190 P.3d at 923; *Roman*, 125 Idaho at 647, 873 P.2d at 901. Over questions of law, we exercise free review. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001); *Martinez v. State*, 130 Idaho 530, 532, 944 P.2d 127, 129 (Ct. App. 1997).

**B.      Claim of Defense Counsel's Failure to Investigate**

Evans alleged his defense attorney provided ineffective assistance because she did not investigate inconsistencies between C.S.'s grand jury testimony and a police report containing C.S.'s original account of events. Investigation, he argues, would have revealed that at least some of the alleged misconduct occurred when C.S. was no longer a minor. To prevail on a claim that counsel's performance was deficient in failing to interview witnesses, a defendant must establish that the inadequacies complained of would have made a difference in the outcome. *Gee v. State*, 117 Idaho 107, 111, 785 P.2d 671, 675 (Ct. App. 1990). It is not

4

sufficient merely to allege that counsel may have discovered a weakness in the State's case. *Id.* We will not second-guess trial counsel in the particularities of trial preparation. *Id.*

The trial court granted the State's motion to dismiss this claim on three interrelated grounds. First, Evans did not present sufficient evidence of his claim. Second, the record established that Evans's attorney was not deficient because she did investigate these facts as evidenced by her raising them at the sentencing hearing. Third, because these charges were dismissed pursuant to a plea agreement, Evans was not prejudiced by any failure to investigate.

We do not address the first two of these grounds because we conclude that this claim was properly dismissed for lack of a showing of prejudice from the alleged deficiency of counsel. We first note that the charges involving conduct with C.S. were ultimately dismissed pursuant to the plea agreement; the count of the indictment to which Evans pleaded guilty charged an offense against a different child. Evans nevertheless argues he was prejudiced because his counsel failed to obtain dismissal of the charges involving C.S. before entering into plea negotiations. He argues that a dismissal before plea negotiations would have limited the trial court's consideration of the charges related to C.S., and that, in turn, would have improved his prospects at sentencing. For this reason, he asserts, but for his attorney's failure to investigate the inconsistency set forth above, he would not have pled guilty under the same disadvantageous conditions.

We interpret this prejudice argument as a claim that his attorney should have filed a motion to dismiss the charges involving C.S. In a post-conviction proceeding challenging an attorney's failure to pursue a motion in the underlying criminal action, the court may consider the probability of success of the motion in determining whether the attorney's inactivity constituted incompetent performance and whether prejudice resulted. *Boman v. State*, 129 Idaho 520, 526, 927 P.2d 910, 916 (Ct. App. 1996). Where the alleged deficiency is counsel's failure to file a motion, a conclusion that the motion, if pursued, would not have been granted by the trial court, is generally determinative of both prongs of the *Strickland* test. *Id.* The standard by which a district court reviews a motion to dismiss an indictment has been stated as follows:

> In considering a motion to dismiss an indictment under I.C.R. 6.6 and I.C. § 19-1107, the district court sits as a reviewing court, and it is the grand jury that is the factfinder. In a grand jury proceeding, the district court may set aside the indictment if, *given the evidence before the grand jury*, the court concludes that the probable cause is insufficient to lead a reasonable person to believe that the accused committed the crime. In the course of that determination, every

> legitimate inference that may be drawn from the evidence must be drawn in favor of the indictment.

*State v. Brandstetter*, 127 Idaho 885, 887, 908 P.2d 578, 580 (Ct. App. 1995) (emphasis added and citations omitted); *see also State v. Marsalis*, 151 Idaho 872, 876, 264 P.3d 979, 983 (Ct. App. 2011). At the grand jury, C.S. unequivocally testified she was sixteen the first time she and Evans had sex. She also testified she and Evans continued to have sex when she was seventeen years old. Additionally, she testified Evans repeatedly, over a period of years, solicited C.S. to engage in sexual activity. On the basis of this testimony, there was sufficient evidence to uphold the counts of the indictment related to C.S. It is apparent that a motion to dismiss these charges would have been denied. Evidence in the police reports shows only that there might have been evidence with which to impeach C.S. at trial with respect to at least some of the charges. Accordingly, the fact that Evans's attorney did not file a motion to dismiss does not make a prima facie showing of deficient performance or prejudice.

Evans also asserts a second claim of prejudice, arguing he "would have proceeded differently in this case" if his attorney had discovered and informed Evans of the inconsistencies in C.S.'s statements. In order to satisfy the prejudice element of a claim of ineffective assistance of counsel where the petitioner was convicted upon a guilty plea, the petitioner generally must show a reasonable probability that, but for counsel's alleged errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Plant*, 143 Idaho at 762, 152 P.3d at 633. This requires a showing that a decision not to accept a plea agreement and plead guilty would have been rational under the circumstances. A bare assertion that one would not have pled guilty and would have insisted on going to trial is insufficient to prevent summary dismissal. *See Ridgley*, 148 Idaho at 677, 227 P.3d at 931. Instead, a petitioner must link his claim of deficient performance to his decision to plead guilty and demonstrate why the deficiency caused the guilty plea. *Id.* For example, a petitioner may explain why additional evidence might support a colorable defense. *Id*.

Here, although the police reports present some evidence that Evans might have had a defense to at least some of the charges involving C.S., it does not demonstrate that knowledge of such evidence would have led a rational person in Evans's position to go to trial instead of accepting the terms of his plea agreement. The evidence that C.S. may have been eighteen at the time of some or all of the alleged misconduct would have provided a defense to, at most, three of

the seven counts alleged against Evans. The plea agreement allowed Evans to avoid criminal liability for all but one of the counts. It also allowed him to challenge at sentencing the factual basis of the charges involving C.S. Evans offered nothing more than his conclusory statement that he would have proceeded to trial rather than pleading guilty. Evans stated, in a conclusory manner, that he would have preferred to go to trial, and face all seven charges, in order to dispute the factual allegations in three charges. This does not describe a rational decision. Even assuming *arguendo* that Evans could have successfully prevailed on the charges related to C.S., he presented no evidence that he had any basis to dispute the other four charges. The plea agreement permitted Evans to avoid being found guilty of two charges of indecent exposure, one related to Evans's alleged conduct vis-à-vis a third victim, and a felony charge of possession of sexually exploitative material. To the extent Evans wished, for sentencing purposes, to present evidence that the charges related to C.S. were false, the plea agreement preserved that opportunity. Moreover, the record shows that Evans did challenge the factual basis of the charges related to C.S. at sentencing. In short, the plea agreement permitted Evans to raise his factual challenges while limiting his criminal liability to only one of the seven counts. The evidence does not show that a rational person would have rejected that offer merely because he *might* have been able to successfully impeach C.S.'s testimony on three counts of the indictment. For these reasons, we conclude that the post-conviction court properly determined that Evans failed to make a prima facie showing that he was prejudiced by his attorney's alleged deficiency.

## C.    Conflict of Interest Claim

Evans next contends that he presented sufficient evidence that his attorney labored under an actual conflict of interest when she simultaneously represented both Evans and his wife.[1] He argues the effects of the actual conflict are shown by two facts. First, his wife's plea agreement to reduce her charge to a misdemeanor was contingent upon Evans's guilty plea. Second, Evans

---

[1]    Evans also argues that the post-conviction court applied an incorrect standard. At various points, the trial court discussed the standard applied at summary dismissal and the standard applied after an evidentiary hearing. In deciding this issue, the post-conviction court held that "The Petitioner has not shown, by a preponderance of the evidence, such actual conflict of interest existed so the Petitioner's motion for summary disposition on allegation 9(e) is denied." To the extent the trial court applied an incorrect standard, it erred. However, we can affirm the judgment of the post-conviction court on alternative grounds. *State v. Pierce*, 107 Idaho 96, 102, 685 P.2d 837, 843 (Ct. App. 1984).

struggled to articulate a factual basis for his plea. He argues these two facts show that his attorney's representation was affected by the conflict.

Conflicts of interest arising from joint representation have been excepted from the general requirement that actual prejudice be shown in order to gain relief for ineffective assistance of counsel. *State v. Guzman*, 126 Idaho 368, 371, 883 P.2d 726, 729 (Ct. App. 1994); *see also Mickens v. Taylor*, 535 U.S. 162, 166 (2002); *State v. Severson*, 147 Idaho 694, 703, 215 P.3d 414, 423 (2009). This rule flows from the constitutional right to conflict-free counsel. *Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980) (representation by an attorney with an actual conflict violates the Sixth Amendment to the United States Constitution); *Carter v. State*, 108 Idaho 788, 792 n.2, 702 P.2d 826, 830 n.2 (1985) (Article I, § 13 of the Idaho Constitution also requires that a criminal defendant be afforded the assistance of counsel). Nevertheless, the presumption of prejudice is a narrow exception to *Strickland*, and the mere potential of a conflict is insufficient. *Guzman*, 126 Idaho at 371, 883 P.2d at 729. Joint representation alone is an insufficient showing because it is not per se ineffective assistance of counsel nor is it a per se actual conflict. *Holloway v. Arkansas*, 435 U.S. 475, 482 (1978); *State v. Koch*, 116 Idaho 571, 574, 777 P.2d 1244, 1247 (Ct. App. 1989); *McNeeley v. State*, 111 Idaho 200, 202, 722 P.2d 1067, 1069 (Ct. App. 1986). Rather, "[t]he conflict itself must be shown." *Guzman*, 126 Idaho at 371, 883 P.2d at 729 (quoting *Koch*, 116 Idaho at 574, 777 P.2d at 1247). The petitioner must demonstrate both that counsel "actively represented conflicting interests" and "that an actual conflict of interest adversely affected his lawyer's performance." *Id.*

Here, Evans submitted an affidavit stating, "My defense counsel informed me that my wife's felony charge would only be resolved as a misdemeanor if I entered a guilty plea pursuant to the state's plea recommendation." It appears that the post-conviction court held that this testimony was contradicted by the record. The court determined that the record shows that Evans's wife's plea deal was not contingent upon his plea. Summary dismissal is proper when the petitioner's allegations are clearly disproven by the record. *Schultz v. State*, 153 Idaho 791, 796, 291 P.3d 474, 479 (Ct. App. 2012).

The parties dispute the import of an exchange between Evans's counsel and the trial court at the change of plea hearing:

> The Court: And I understand that we're going to be doing a change of plea today; is that right?

8

Evans's Counsel: That's right, on [Evans]. And on [Evans's wife], once we enter the plea with [Evans], then that's going to be remand[ed] for plea and sentencing to magistrate.

Evans argues this exchange supports his claim that his wife's plea agreement was conditioned upon his guilty plea. The post-conviction court concluded that the exchange was "directed at the procedural posture of the cases . . . and do[es] not reflect the plea colloquy or statement of the plea agreement on the record." The court's view is supported by the guilty plea advisory form that states the plea agreement and does not state that Evans's wife's plea bargain was conditioned upon Evans's guilty plea. Rather, it affirmatively states that no other promises were made to influence Evans's decision to plead guilty. It is also supported by the remainder of the plea colloquy. At no point did the parties indicate that the charge against Evans's wife would be reduced only if Evans pleaded guilty.

In this case, whether the record disproves the allegation is a close question. Evans asserts that he was told the terms of the plea agreement by his lawyer. While the evidence relied upon by the district court tends to show the allegation was false, it does not necessarily disprove what Evans states he heard. For example, the parties could have erred by failing to put that element of the plea bargain in the record, or the defense attorney could have misstated its terms. In summary dismissal proceedings, a trial court may draw inferences it deems most probable, but it may not resolve factual issues created by conflicting evidence. *Yakovac*, 145 Idaho at 443, 180 P.3d at 482.

We can, however, dispose of this claim on a different basis. Even assuming that Evans's factual allegations are true, he has not shown entitlement to post-conviction relief. Joint representation of multiple defendants is not inherently violative of the constitutional right to counsel. *State v. Taylor*, 100 Idaho 105, 106, 593 P.2d 1390, 1391 (1979). Nor are package plea agreements inherently improper or forbidden. *United States v. Spilmon*, 454 F.3d 657, 658 (7th Cir. 2006); *State v. Hanslovan*, 147 Idaho 530, 537-38, 211 P.3d 775, 782-83 (Ct. App. 2008). Below, Evans asserted that the mere conveyance of an offer for a package plea bargain amounted to ineffective assistance of counsel. We find no authority for the view that communicating a joint offer amounted to ineffective assistance. Indeed, Idaho precedent contradicts Evans's contention. This Court affirmed a trial court's determination that no "actual conflict of interest" existed on analogous facts. *McNeeley*, 111 Idaho 200, 722 P.2d 1067. In that case, the petitioner

and his wife were represented by a single attorney. *Id*. at 202, 722 P.2d at 1069. Both the petitioner and his wife entered into a plea agreement with the State. *Id*. Pursuant to that agreement, the petitioner pled guilty to robbery and his wife pleaded guilty to the reduced charge of theft by possession. *Id*. The petitioner argued that his plea was not voluntarily given because it was induced by his interest in protecting his wife and because his attorney's ability to bargain for a better deal was limited by the joint representation. *Id*. at 203, 722 P.2d at 1070. This Court held that

> [The petitioner's] assertion that his counsel was ineffective is not supported by the record. [The petitioner's] contention, while couched in the context of the voluntariness of his plea, essentially is that joint representation is *per se* violative of the sixth amendment right to counsel. That is not the law and we decline to so hold.

*Id*.

Evans argues that the post-conviction court should have inferred from his reticence to offer a factual basis for his plea that Evans did not believe he was guilty, that he involuntarily pleaded guilty in order to reduce his wife's criminal liability, and that this would not have occurred if Evans and his wife had separate counsel. We disagree. In a post-conviction action, the district court is not constrained to draw inferences in the petitioner's favor, but is free to arrive at the most probable inferences to be drawn from the evidence. *Yakovac*, 145 Idaho at 444, 180 P.3d at 483. Here, other inferences are permissible. For example, Evans's reticence may have been caused by his wish to avoid admitting that he engaged in sexually inappropriate behavior with a minor, or his reticence may have been an attempt to minimize his culpability in order to receive a lenient sentence.

Evans did not present any evidence that an actual conflict affected defense counsel's representation as required by *Guzman*, 126 Idaho at 371, 883 P.2d at 729. Accordingly, the district court did not err when it dismissed this claim.

## III.

## CONCLUSION

For the reasons set forth above, we conclude the post-conviction court did not err by granting the State's motion for summary dismissal. Accordingly, the judgment dismissing Evans's post-conviction action is affirmed.

Chief Judge GUTIERREZ and Judge MELANSON **CONCUR.**