IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 44353

| RONALD EDDINGTON, | ) | 2017 Opinion No. 25 |
|---|---|---|
| | ) | |
| Petitioner-Appellant, | ) | Filed: May 8, 2017 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Lynn G. Norton, District Judge.

Judgment summarily dismissing petition for post-conviction relief, affirmed in part, reversed in part, and case remanded.

Smith Horras, PA; Ellen N. Smith, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Ronald Eddington appeals from the district court's summary dismissal of Eddington's petition for post-conviction relief. Eddington specifically argues the district court erred in summarily dismissing Eddington's claims that his trial counsel rendered ineffective assistance. Additionally, Eddington maintains the trial court erred in failing to inquire into trial counsel's conflict of interest. For the reasons explained below, we affirm in part, reverse in part, and remand.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

On August 9, 2013, Eddington broke into his ex-wife's home, held her at gunpoint, and threatened to kill both himself and his ex-wife. Once Eddington left the house, the ex-wife called her father, who then called the police. The State charged Eddington with second degree

1

kidnapping pursuant to Idaho Code § 18-4503, burglary pursuant to I.C. § 18-1401, aggravated assault pursuant to I.C. § 18-905(a), and using a deadly weapon in the commission of a felony pursuant to I.C. § 19-2520. Eddington retained private counsel. Soon after Eddington was charged, his mother was charged with witness intimidation, I.C. § 18-2604. The charge stemmed from a letter Eddington's mother wrote to her ex-daughter-in-law about Eddington's charges. Eddington's trial counsel then agreed to represent Eddington's mother.

Eddington pled guilty to second degree kidnapping and aggravated assault, and the remaining charges were dismissed as the result of a plea agreement. Eddington was sentenced on March 17, 2014. During the sentencing hearing, the State put several witnesses on the stand. The witnesses most relevant to the post-conviction proceedings were Eddington's ex-wife, the ex-wife's father, the detective who responded to the scene of the crime, and a forensic psychologist. The district court then imposed a unified sentence of twenty-two years, with ten years determinate, for second degree kidnapping and a concurrent unified sentence of five years, with five years determinate, for aggravated assault. On March 18, 2014, Eddington's mother's charge was dismissed.

Eddington filed a petition for post-conviction relief, alleging several instances of ineffective assistance of trial counsel and one instance of trial court error. Along with several other documents, Eddington attached an affidavit from his mother to the petition. The district court granted the State's motion for summary dismissal. Eddington appeals.

## II.

## ANALYSIS

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the

personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Knutsen*, 144 Idaho at 442, 163 P.3d at 231. This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011).

A.    **Conflict of Interest**

Eddington first claims his trial counsel rendered ineffective assistance because he entered into an actual conflict of interest by representing both Eddington and Eddington's mother in related criminal actions without obtaining informed consent from either party. Eddington argues

this conflict prejudiced him because trial counsel prioritized Eddington's mother's interests over Eddington's interests, and trial counsel's representation of Eddington's mother materially limited trial counsel's duties to Eddington. Specifically, Eddington maintains the conflict prejudiced his plea agreement and sentence because the State agreed to dismiss Eddington's mother's charge only after Eddington pled guilty and was sentenced, trial counsel did not permit Eddington's mother to testify on Eddington's behalf at sentencing, and trial counsel did not submit Eddington's mother's letter of support for Eddington to the district court. The district court summarily dismissed this claim, reasoning Eddington's arguments were speculative and insufficient to support an ineffective assistance claim based on an actual conflict of interest. Moreover, the district court determined Eddington failed to provide evidence to support his claim that his mother's charge was dismissed because Eddington pled guilty.

An accused has the right under both the federal and state constitutions to representation free from conflicts of interest. *State v. Guzman*, 126 Idaho 368, 371, 883 P.2d 726, 729 (Ct. App. 1994). This right has been accorded not for its own sake but because of the effect it has on the ability of the accused to receive a fair trial. *Mickens v. Taylor*, 535 U.S. 162, 166 (2002). "Actual conflict of interest may be shown, for example, if the defendant identifies with particularity alternative defenses or additional important evidence that should have been presented by counsel." *Giles v. State*, 125 Idaho 921, 923, 877 P.2d 365, 367 (1994). Eddington must demonstrate an actual conflict.

Focusing on the prejudice prong of *Strickland*, Eddington contends that prejudice should be presumed. Prejudice is presumed in certain conflict of interest cases. *Sparks v. State*, 140 Idaho 292, 296, 92 P.3d 542, 546 (Ct. App. 2004). This presumption of prejudice is a narrow exception. "A presumption of prejudice is triggered only by an actual conflict of interest." *Guzman*, 126 Idaho at 371, 883 P.2d at 729. The conflict must be shown and will not be presumed. *Id.* Prejudice is presumed "only if the defendant demonstrates that counsel 'actively represented competing interests' and that 'an actual conflict of interest adversely affected his lawyer's performance.'" *Burger v. Kemp*, 483 U.S. 776, 783 (1987) (quoting *Strickland*, 466 U.S. at 692). This presumption of prejudice arises because "it is difficult to measure the precise effect on the defense" when representation is "corrupted by conflicting interests." *Strickland*, 466 U.S. at 692.

5

While Eddington bears the burden to demonstrate an actual conflict existed, his petition set forth a genuine issue of material fact regarding an actual conflict. He presented evidence of the representation of his mother, the relationship of his plea to dismissal of her case, and the limitation of information from her in defense of his case. Additionally, Eddington provided an e-mail from the prosecutor to trial counsel, indicating the prosecutor planned to hold a hearing on Eddington's mother's case the very day after Eddington was expected to plead guilty. It can be reasonably inferred that Eddington's mother's case was dismissed as a result of Eddington pleading guilty. This reasonable inference and the evidence Eddington provided were sufficient to create a genuine issue of material fact that trial counsel entered into an actual conflict of interest by concurrently representing Eddington and his mother. Accordingly, the district court erred in summarily dismissing this claim without an evidentiary hearing. We remand with instructions to hold an evidentiary hearing on whether an actual conflict existed and, if so, whether prejudice has been shown or is presumed.[1]

## B. Pressure to Plead Guilty and Failure to Properly Advise of Plea Agreement Consequences

Next, Eddington argues trial counsel was ineffective in pressuring Eddington to plead guilty and in failing to properly advise Eddington of the potential consequences of the plea agreement. The district court summarily dismissed the latter claim after determining Eddington was advised of all possible consequences of the plea agreement.

The district court did not address Eddington's claim that trial counsel pressured Eddington to plead guilty. Since the district court did not address this claim and since it may relate to the conflict claim addressed above, we remand this claim for an evidentiary hearing.

Eddington's claim that trial counsel failed to properly advise Eddington of the plea agreement consequences, however, is unsupported by the record. Eddington argues his trial counsel minimized the severity of the possible plea agreement consequences by informing Eddington that the prosecutor would recommend a unified sentence of up to ten years in prison.

---

[1]     Eddington maintains he was entitled to summary disposition in his favor because the State failed to provide evidence controverting Eddington's claims. Eddington cites to Idaho Code § 19-4906(c) for support: "The court may grant a motion by either party for summary disposition . . . ." However, Eddington did not file a motion for summary disposition with the district court. Moreover, Eddington bears the burden to establish a prima facie case supporting each of his claims--the burden is not on the State to present evidence. Accordingly, Eddington's argument that he was entitled to summary disposition in his favor, on any of his claims, is without merit.

Eddington received a determinate ten-year sentence, followed by an indeterminate twelve-year sentence, for kidnapping in the second degree. On the aggravated assault conviction, the district court imposed a determinate five-year sentence to run concurrently with the kidnapping sentence. As the district court noted in its decision granting summary dismissal, Eddington acknowledged in his guilty plea advisory form that the kidnapping charge alone had a maximum potential determinate sentence of twenty-five years. The advisory form also indicated the court was not bound by the plea agreement or any sentencing recommendation. Moreover, when the district court asked Eddington at his change of plea hearing whether he "understood [it is] not bound by any plea agreement [Eddington] has with the state," Eddington responded, "yes." Therefore, Eddington's argument that trial counsel was ineffective by minimizing the possible consequences of accepting the plea agreement is without merit. Eddington did not make out a prima facie case of ineffective assistance of counsel and, accordingly, the district court did not err in summarily dismissing this claim.

## C. Deficient Performance at Sentencing

Eddington contends the district court erred in summarily dismissing Eddington's ineffective assistance of counsel claims that trial counsel was ineffective at sentencing by refusing to call favorable witnesses to testify on Eddington's behalf, failing to cross-examine the State's witnesses to correct or object to irrelevant or inaccurate testimony, failing to present mitigating evidence of Eddington's mental health challenges, and depicting Eddington in a negative light during closing argument. The district court summarily dismissed these claims after determining there was no reasonable probability that the sentencing outcome would have been different even if trial counsel was deficient in these specific regards. The district court additionally noted trial counsel's actions were within the permissible range of tactical decisions. Eddington further argues trial counsel was ineffective by failing to investigate in preparation for sentencing. The district court summarily dismissed this claim, reasoning Eddington stated in open court that he was satisfied with the services of his attorney, and Eddington failed to support his assertions with any evidence trial counsel would have produced if trial counsel had more adequately investigated the case.

The standards for evaluating ineffective assistance claims at sentencing parallel those at trial. *Strickland*, 466 U.S. at 686. As discussed, tactical decisions of trial counsel will not be second-guessed unless those decisions are based on inadequate preparation, ignorance of relevant

7

law, or other shortcomings capable of objective evaluation. *Gonzales*, 151 Idaho at 172, 254 P.3d at 73. In the absence of evidence that a strategic decision was "the product of inadequate preparation or ignorance of the relevant law," this Court will not find deficient performance. *Johnson v. State*, 156 Idaho 7, 11, 319 P.3d 491, 495 (2014); *State v. Dunlap*, 155 Idaho 345, 384, 313 P.3d 1, 40 (2013). Decisions by trial counsel as presumed to be made "in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690.

### 1. Failure to call favorable witnesses

We first address Eddington's argument that trial counsel was ineffective in failing to call favorable witnesses to testify on Eddington's behalf at sentencing. The decision whether to call character witnesses is a strategic decision which ordinarily should not be second-guessed on appeal. *Aragon*, 114 Idaho at 673, 760 P.2d at 1179. Eddington alleged that he provided trial counsel with a list of witnesses who were willing to testify on Eddington's behalf, and trial counsel refused to call any of those witnesses to the stand. However, Eddington concedes trial counsel submitted character letters to the court from several of these witnesses. Eddington does not explain how the character letters alone were insufficient. In fact, Eddington does not provide the letters on appeal with this Court, so we are unable to properly review the record. It is well established that an appellant bears the burden to provide an adequate record upon which the appellate court can review the merits of the claims of error, *State v. Beck*, 128 Idaho 416, 422, 913 P.2d 1186, 1192 (Ct. App. 1996); *State v. Beason*, 119 Idaho 103, 105, 803 P.2d 1009, 1011 (Ct. App. 1991); *State v. Murinko*, 108 Idaho 872, 873, 702 P.2d 910, 911 (Ct. App. 1985), and where pertinent portions of the record are missing on appeal, they are presumed to support the actions of the trial court. *State v. Repici*, 122 Idaho 538, 541, 835 P.2d 1349, 1352 (Ct. App. 1992). In sum, without evidence of inadequate preparation, ignorance of the relevant law, or shortcomings capable of objective evaluation, we are unable to conclude the district court erred in summarily dismissing Eddington's claim that trial counsel's decision to not call witnesses to the stand amounted to ineffective assistance.

### 2. Failure to cross-examine or object

Next, Eddington maintains trial counsel was ineffective in failing to cross-examine the State's witnesses to correct or object to testimony. Eddington maintains he would have received a more lenient sentence if counsel objected to or cross-examined the witnesses. The manner of

8

cross-examination and the lack of objections to testimony are considered tactical or strategic decisions. *Giles*, 125 Idaho at 924, 877 P.2d at 368.

Eddington first takes issue with his ex-wife's testimony. The ex-wife testified that Eddington broke into his ex-wife's house, entered her bedroom, pointed a handgun at her repeatedly, and threatened to kill her. She testified about a clicking sound she heard coming from the handgun. The ex-wife further described Eddington's behavior as violent, abusive, controlling, and manipulative. Eddington argues trial counsel should have objected to his ex-wife's "provably inaccurate" testimony or should have at least cross-examined her. Eddington maintains that if trial counsel was adequately prepared for the sentencing hearing, he would have refuted the ex-wife's testimony with evidence of cell phone records, e-mail records, and audio police report interviews that contradict her testimony. A review of the audio police recordings reveals the ex-wife previously told the police Eddington was never physically abusive toward the ex-wife. Accordingly, Eddington set forth a genuine issue of material fact that trial counsel was deficient by being inadequately prepared or demonstrating a shortcoming capable of objective review. When the district court imposed Eddington's sentence, it went through the factors it considered and indicated one of those factors was the ex-wife's "description of the incident that night, and, specifically, related to the clicking of the gun." Thus, there is a genuine issue of material fact that, but for trial counsel's failure to cross-examine or object to the ex-wife's testimony, the result of sentencing would have been different. The district court erred in summarily dismissing this claim.

Additionally, Eddington contends trial counsel should have objected to or cross-examined the ex-wife's father, who testified that the ex-wife refused to allow her father to call the police out of fear Eddington would come back and kill the ex-wife. The father also described the events that took place on August 9, 2013, and testified to what his daughter told her father over the phone when the daughter called her father after Eddington left the house. However, Eddington does not point to a specific instance in which trial counsel should have objected or one that necessitated cross-examination. Eddington notes the ex-wife told the police she only allowed her father to call the police because the ex-wife hoped Eddington would get the help he needed. While the father did not testify to this, the ex-wife's past statement does not controvert her father's testimony. Trial counsel's failure to object to the father's testimony and trial counsel's decision to not cross-examine the father does not demonstrate inadequate preparation,

9

ignorance of relevant law, or other shortcomings. The district court properly summarily dismissed this claim.

Eddington also argues trial counsel was ineffective in failing to object to or cross-examine the detective's testimony. Specifically, Eddington argues the detective gave false testimony that contradicted his own official police report. Eddington does not specify in his brief what testimony was false, but in Eddington's petition he takes issue with the detective's testimony about Eddington's alleged infidelity. Even assuming trial counsel's performance was deficient, a review of the sentencing transcript does not demonstrate a reasonable probability the district court considered Eddington's infidelity in imposing sentence. Again, Eddington has failed to establish a prima facie case of ineffective assistance of counsel here. The district court properly summarily dismissed this claim.

Eddington also maintains trial counsel was deficient in failing to object to Dr. M.J.'s testimony and in failing to ask certain questions during Dr. M.J.'s cross-examination. However, trial counsel's cross-examination of Dr. M.J. does not suggest trial counsel was inadequately prepared, ignorant of relevant law, or had other shortcomings capable of objective review. Rather, trial counsel asked several questions on cross-examination, and some of those questions specifically inquired into the doctor's notes, report, and tests. Trial counsel's decision to not object to Dr. M.J.'s testimony or ask certain questions may have been a tactical decision; for example, to avoid drawing attention to damaging testimony. Thus, Eddington has not made out a prima facie case of ineffective assistance of counsel pertaining to the doctor's testimony. The district court did not err in summarily dismissing this claim.

### 3. Failure to present evidence of mental health challenges

Next, Eddington contends trial counsel failed to present mitigating evidence of Eddington's mental health challenges. Again, trial counsel's decision to not present evidence of Eddington's mental health challenges may have been a tactical decision to not draw attention to what trial counsel perceived as damaging evidence. Without a suggestion trial counsel was inadequately prepared, ignorant of relevant law, or exhibited a shortcoming capable of objective evaluation, we will not second-guess trial counsel's decisions on what evidence to present. Because Eddington is unable to demonstrate deficient performance, the district court did not err in summarily dismissing this claim.

### 4. Depicting Eddington in a negative light

Eddington argues trial counsel presented closing argument that depicted Eddington in a negative light. He specifically maintains trial counsel was deficient in failing to present and emphasize Eddington's lack of a criminal record; his depression, suicidal thoughts, and extreme stress; his remorse for his actions (more specifically the fact that he cooperated with police, confessed to his criminal behavior, and accepted responsibility for his actions); and his addiction issues. The record refutes this claim. During trial counsel's closing argument at sentencing, he discussed Eddington's alcoholism and the possibility that his addiction carried over to prescription drugs. Trial counsel noted Eddington confessed to the police the morning after the incident and discussed how Eddington admitted he "can't blame this on anybody. I have to be responsible for it." Moreover, trial counsel indicated Eddington "never ever wants to do anything like this again, remotely close to it." Trial counsel described Eddington's difficult history with his ex-wife, the loss of his child, and Eddington's history of dealing poorly with stress. Trial counsel stated Eddington was "very, very stressed out, and he had been thinking about suicide." Finally, trial counsel noted Eddington "reached the age of 48 years old without a criminal history that would suggest anything" and he "was law-abiding." Trial counsel presented numerous mitigating circumstances. Because the record contradicts Eddington's argument, the district court properly summarily dismissed this claim.

### 5. Failure to investigate

Eddington further maintains trial counsel rendered ineffective assistance by failing to adequately investigate. Eddington specifically contends that if trial counsel listened to the audio police interviews, he would have learned that the ex-wife told police Eddington never abused or threatened the ex-wife.

Defense counsel has a duty to conduct a prompt and thorough investigation. *Mitchell v. State*, 132 Idaho 274, 280, 971 P.2d 727, 733 (1998). The duty to investigate requires only that counsel conduct a reasonable investigation. *Estes v. State*, 111 Idaho 430, 434, 725 P.2d 135, 139 (1986). Here, Eddington alleged in his petition that he asked trial counsel whether trial counsel listened to the audio police interviews, and trial counsel responded that Eddington could not financially afford the time it would take to review the tapes. Eddington argues the information obtained from the audio recordings, specifically the ex-wife's statement that Eddington never abused or threatened the ex-wife, would have been worth the additional

11

expense. Eddington maintains he never told trial counsel to do less than a thorough job on reviewing the evidence and is unsure why trial counsel assumed Eddington could not afford to have trial counsel review the tapes. Eddington indicates he would have been happy to pay for the additional time spent on reviewing the tapes. Based on these allegations, Eddington set forth a genuine issue of material fact that his trial counsel was ineffective in not listening to the audio police tapes, which contradict the ex-wife's testimony at the sentencing hearing. Consistent with our holding above regarding the failure to cross-examine or object to the ex-wife's testimony at sentencing, the district court erred in summarily dismissing this claim.

## D.    Failure to Request a Referral into Mental Health Court

Eddington further argues trial counsel was ineffective in failing to request a referral to place Eddington in mental health court. The district court summarily dismissed this claim after determining there was no reasonable probability that Eddington would have been admitted into mental health court if trial counsel so requested because of the nature of Eddington's crimes. We agree. Eddington has not established a genuine issue of material fact that trial counsel was ineffective in this respect because Eddington has not demonstrated a reasonable probability that the outcome of his trial or sentence would have been different had trial counsel requested a referral into mental health court. Pursuant to Idaho Code § 19-5609(1), there is no right to admission into mental health court. Even if trial counsel requested a referral, there is no showing of a reasonable probability the district court may have ordered that referral. Because Eddington failed to establish a prima facie case of ineffective assistance of counsel, the district court did not err in summarily dismissing this claim.

## E.    Trial Court's Failure to Inquire

Lastly, Eddington argues he was deprived of effective assistance of counsel because the district court failed to inquire into trial counsel's conflict of interest. However, this argument assigns error to the district court--not trial counsel. The scope of post-conviction relief is limited. *Knutsen*, 144 Idaho at 438, 163 P.3d at 227. A petition for post-conviction relief is not a substitute for an appeal. I.C. § 19-4901(b). A claim or issue that was or could have been raised on appeal may not be considered in post-conviction proceedings. *Id.*; *Mendiola v. State*, 150 Idaho 345, 348-49, 247 P.3d 210, 213-14 (Ct. App. 2010). The argument that the district court failed to inquire into trial counsel's alleged conflict of interest could have been raised on direct appeal. The district court properly summarily dismissed this claim because it was waived.

12

**F.     Attorney Fees and Costs**

Eddington requests attorney fees and costs on appeal pursuant to I.C. § 12-121. However, the defense of this appeal was not frivolous, unreasonable, or without foundation and we decline to award attorney fees.

## III.

## CONCLUSION

The district court erred in summarily dismissing Eddington's ineffective assistance of counsel claims pertaining to conflict of interest, pressure to plead guilty, failure to cross-examine or object to the testimony of the ex-wife, and failure to investigate and we therefore reverse as to those claims. The district court properly summarily dismissed the remaining claims and we therefore affirm as to those claims. We remand for further proceedings consistent with this opinion.

Chief Judge GRATTON and Judge MELANSON **CONCUR**.