**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 48497**

| | | |
|---|---|---|
| **CHARLES CLIFFORD BROWN,** | ) | **Filed: May 25, 2022** |
| | ) | |
| **Petitioner-Appellant,** | ) | **Melanie Gagnepain, Clerk** |
| | ) | |
| **v.** | ) | **SUBSTITUTE OPINION** |
| | ) | **THE COURT'S PRIOR OPINION** |
| **STATE OF IDAHO,** | ) | **DATED FEBRUARY 17, 2022,** |
| | ) | **IS HEREBY WITHDRAWN** |
| **Respondent.** | ) | |
| | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| | ) | **BE CITED AS AUTHORITY** |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Richard S. Christensen, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Andrew V. Wake, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Charles Clifford Brown appeals from the district court's judgment summarily dismissing his petition for post-conviction relief. Brown alleges the district court erred because his petition raised genuine issues of material fact to support his claim of ineffective assistance of trial counsel. Because Brown's petition for post-conviction relief failed to establish a genuine issue of material fact regarding his claim of ineffective assistance of trial counsel, the district court did not err. The judgment summarily dismissing Brown's petition for post-conviction relief is affirmed.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

After providing controlled substances to an individual who was later found dead with her two children in her car submerged in a lake, the State charged Brown with two counts of delivery

1

of a controlled substance, both felonies. Pursuant to a plea agreement, in exchange for Brown's guilty plea to one count of delivery of a controlled substance, the State agreed to dismiss the remaining charge and recommend a unified sentence not to exceed fifteen years, with four years determinate. At the change of plea hearing, the district court inquired about Brown's mental health, and Brown told the court he did not currently suffer from any mental impairment that could limit his ability to understand the proceedings. The district court accepted Brown's guilty plea, ordered a presentence investigation report (PSI), and set the matter for sentencing.

Brown's PSI included various information about his mental health history. Brown described his mental health as "not in the best of condition" and reported that as part of the process for qualifying for social security disability, he had a psychological evaluation. He was diagnosed with "some sort of mental health problem," but was not prescribed medication and he was unsure what the diagnosis was. Brown suggested the presentence investigator could obtain his evaluation record by contacting the social security office, and the presentence investigator indicated that the request had been made. Brown stated that he believed he had depression and anxiety and that his father had schizophrenia, but Brown knew of no other family members with a history of mental health problems. However, the PSI indicated that Brown's sister reported Brown, like his father and grandfather, had been diagnosed with schizophrenia.

The GAIN-I core assessment accompanying the PSI indicated that Brown scored in the moderate range of the internal mental distress scale, but concluded Brown's "current risk to himself and the community is not considered higher if he does not receive ongoing mental health services." The mental health professional who reviewed the GAIN-I core assessment concluded that Brown did not meet the criteria for severe mental illness or other mental health needs, but recommended a referral to a qualified mental health professional if Brown subsequently reported or exhibited debilitating symptoms associated with his mental health. Taking all the information from the PSI into account, the PSI recommended the trial court sentence Brown to a period of incarceration.

At the sentencing hearing, Brown's counsel argued Brown should receive a suspended sentence or a period of retained jurisdiction. Brown's counsel did not mention that Brown was impacted by any mental health issues, however, Brown gave a statement to the trial court and disclosed that he suffered from schizophrenia and would benefit from counseling and therapy. Brown additionally expressed contrition for his actions, stating:

2

I beat myself up so bad over this, that there was a time I was sitting in my apartment with a gun to my head and in my mouth where I was going to take my own life because of this.

. . . I didn't know what else to do.

The trial court noted the facts of the case and discussed why the legislature decided that people who deliver controlled substances should be punished more severely than those who merely use drugs. The trial court stated that drug use in the country was at a crisis, those who deliver drugs commit a violent offense, and it was the court's role to protect the public. Although the trial court recognized how Brown had benefitted from his time in the Good Samaritan program, it found it "would depreciate the seriousness of the offense, the delivery, by not imposing a prison term in this case." The trial court imposed a unified sentence of fifteen years, with four years determinate.

Brown timely appealed. Brown argued the trial court abused its discretion by imposing an excessive sentence in light of mitigating factors, including his remorse, acceptance of responsibility for the offense, amenability to treatment, mental health, physical condition, and substance abuse issues. This Court affirmed the judgment of conviction and sentence in an unpublished opinion. *State v. Brown*, Docket No. 46660 (Ct. App. June 18, 2019).

Brown subsequently filed an Idaho Criminal Rule 35 motion for a reduction of his sentence. The trial court denied Brown's Rule 35 motion. Brown appealed and this Court affirmed the denial of Brown's Rule 35 motion in an unpublished opinion. *State v. Brown*, Docket No. 47160 (Ct. App. Feb. 19, 2020).

Brown filed a petition for post-conviction relief alleging, in part, ineffective assistance of trial counsel for failing to request a mental health evaluation and obtain his mental health records prior to sentencing.[1] In the accompanying affidavit, Brown attested that, because of his extensive mental health history, he pleaded with his trial counsel to obtain a current mental health evaluation and his social security disability records. Brown alleged that had his trial counsel obtained these documents, he would have met the criteria for mental health court or, alternatively, would have been placed on probation. The district court appointed Brown post-conviction counsel, and the State moved for summary dismissal of the petition.[2] After a hearing, the district court found that

---

[1]     Brown's petition for post-conviction relief alleged other ineffective assistance of counsel claims, which are not the subject of this appeal.

[2]     Although the State's motion for summary dismissal is not in the appellate record, the record contains both Brown's response to the motion and the State's reply.

Brown failed to submit evidence showing a genuine issue of material fact that his trial counsel provided deficient representation by failing to request a mental health evaluation and obtain his mental health records or that Brown was prejudiced by any deficiency. Accordingly, the district court summarily dismissed Brown's petition for post-conviction relief. Brown timely appealed. This Court issued an opinion on February 17, 2022, affirming the district court's judgment summarily dismissing Brown's post-conviction petition. Brown filed a timely petition for rehearing followed by a brief in support arguing the opinion erroneously relied on the transcript of the Rule 35 motion proceeding which was not before the district court but was included in the appellate record. Brown asks this Court to grant the petition for rehearing, vacate the district court's order summarily dismissing his petition for post-conviction relief on the issue of whether his trial counsel provided ineffective assistance in failing to investigate his mental health, vacate his judgment, and remand the matter for an evidentiary hearing.

## II.

## STANDARD OF REVIEW

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify

4

relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the state does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

## III.
## ANALYSIS

### A.     Petition for Rehearing

Brown's argument in his petition for rehearing is that this Court erred in relying, in part, on the Rule 35 motion hearing transcript (Rule 35 transcript) from the underlying criminal case because that transcript was not presented as an exhibit to or judicially noticed by the district court in the post-conviction case. Nonetheless, that transcript was part of the properly settled record in Brown's current appeal and Brown had multiple opportunities to remove the transcript from the record. First, after the record was served on the parties, Brown did not file an objection to the Rule 35 transcript being included in the clerk's record. I.A.R. 29(a). Second, once the clerk's record was settled, Brown had the opportunity to move the Supreme Court to delete the Rule 35 transcript from the record pursuant to I.A.R. 30, but he did not do so. Third, Brown again had the

opportunity to address what he contends to be the improper inclusion of the Rule 35 transcript in his briefing, however, he did not. Fourth, despite the State explicitly citing to and relying on the Rule 35 transcript in its respondent's brief, Brown did not address the State's reliance on the Rule 35 transcript in his reply brief, nor did he make any other argument that this Court should not consider the transcript. A party waives an issue on appeal if either authority or argument is lacking. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996). Consequently, he has waived any claim that the transcript was improperly before this Court, and we decline to exclude a document from a properly settled record.

Rehearing is not warranted in this case because even without considering the Rule 35 transcript, Brown did not establish a genuine issue of material fact regarding his ineffective assistance of counsel claim. For these reasons, we deny the petition for rehearing.

**B.     The District Court Did Not Err in Dismissing the Petition for Post-Conviction Relief**

Brown alleges the district court erred in summarily dismissing his petition for post-conviction relief because he raised a genuine issue of material fact concerning whether, in failing to request a mental health evaluation and obtain his mental health records prior to sentencing, his trial counsel's performance was deficient and whether the deficiency prejudiced his case. Specifically, Brown argues the information contained in his PSI, his statements at sentencing, and his post-conviction affidavit, combined with evidence that Brown received social security disability for a mental health diagnosis, had schizophrenia, and reported suicidal ideation and a suicide attempt, demonstrated a need for his trial counsel to investigate his mental health condition. Brown argues that he was prejudiced because had his trial counsel obtained a current mental health evaluation and his social security records, he would have received a lesser sentence.[3] In response, the State argues that the district court did not err in summarily dismissing Brown's petition for post-conviction relief.

A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578,

---

[3]     Neither incident to his Rule 35 motion nor the petition for post-conviction relief has Brown submitted a mental health evaluation, mental health records, or social security records.

6

580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Knutsen*, 144 Idaho at 442, 163 P.3d at 231. This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011).

To survive a motion for summary dismissal, post-conviction relief claims based upon ineffective assistance of counsel must establish the existence of material issues of fact as to both the deficient performance and prejudice prongs. *Marsalis v. State*, 166 Idaho 334, 340, 458 P.3d 203, 209 (2020). Courts need not address the performance component first "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Strickland*, 466 U.S. at 697.

Here, we need not address whether Brown's trial counsel's performance was deficient because Brown failed to demonstrate a genuine issue of material fact that but for his counsel's alleged failures, the result of his sentencing would have been different. In its order summarily dismissing Brown's petition for post-conviction relief, the district court concluded that because Brown did not provide admissible evidence of his schizophrenia diagnosis with the petition, he could not establish a genuine issue of material fact that, but for the alleged deficiency, the outcome of the case would have been different. The district court did not err.

In Brown's petition, he alleges that had his trial counsel requested a mental health evaluation and obtained his mental health records, Brown would have either been admitted to mental health court, received a probation sentence, or otherwise been subjected to a different sentence. We are not persuaded. First, Brown does not provide evidence that he would have received a different sentence had his trial counsel obtained a current mental health evaluation and Brown's mental health records prior to sentencing, and Brown's conclusory, speculative assertion that sentencing in general may have been different does not create a material dispute of fact. *See Hall v. State*, 156 Idaho 125, 132, 320 P.3d 1284, 1291 (Ct. App. 2014) (holding post-conviction petition is

7

subject to summary dismissal when claim is based on nothing more than speculation). Second, pursuant to I.C. § 19-5609(1), there is no right to admission into mental health court. Thus, even if Brown had a qualifying diagnosis and trial counsel requested a referral, there is no showing of a reasonable probability the trial court would have ordered that referral. *See Eddington v. State*, 162 Idaho 812, 823, 405 P.3d 597, 608 (Ct. App. 2017).

Third, Brown's claim that had a current mental health evaluation and his mental health records been presented to the trial court, the court would have imposed a probation sentence is clearly disproven by the record of the criminal proceedings. Before imposing the sentence, the trial court reviewed Brown's PSI, which included information about Brown's mental health history, and heard from Brown who disclosed that he had schizophrenia and contemplated suicide on at least one occasion. After considering this information, the trial court found that the facts of the case justified a unified sentence of fifteen years, with four years determinate. *Id.*

Because the district court had evidence of Brown's mental health as part of the PSI and Brown's petition for post-conviction relief did not contain additional factual support for this claim, there is no need to remand this case, as the district court would have the same evidence before it. "To reverse and remand this case to the district court, ordering it to do in another proceeding what it has already done, i.e., draw the appropriate inferences from the undisputed evidentiary facts, would be an extreme waste of judicial resources and an utterly useless act." *Riverside Dev. Co. v. Ritchie*, 103 Idaho 515, 520 n.2, 650 P.2d 657, 662 n.2 (1982).

Because Brown did not demonstrate that the results of his sentencing would have been different had his trial counsel obtained a mental health evaluation and Brown's mental health records, Brown cannot establish a genuine issue of material fact that he was prejudiced by trial counsel's alleged deficient performance. Accordingly, Brown's petition for post-conviction relief failed to raise a genuine issue of material fact regarding his claim of ineffective assistance of counsel.

## IV.

## CONCLUSION

Brown did not demonstrate that he was prejudiced by his trial counsel's failure to obtain a current mental health evaluation and his mental health records prior to sentencing. Accordingly, Brown's petition for post-conviction relief failed to raise a genuine issue of material fact regarding his claim of ineffective assistance of counsel, and the district court did not err by summarily

dismissing the petition. The judgment summarily dismissing Brown's petition for post-conviction relief is affirmed.

Chief Judge LORELLO and Judge GRATTON **CONCUR**.